By the Court.—Sedgwick, Ch. J.
—The burden of proof was upon the plaintiff to show negligence on the part of defendants. They had the legal right to make and maintain the hatchway in their own building. The hatchway was of an ordinary and well known kind of appliance to the management of business. The defendants had a right to suppose that anyone entering their store would expect to find the hatchway in the place where it was. They were bound to use due care to protect from the risk of falling through the hatchway anyone who should come into that part of the building by their invitation, express or implied.
The plaintiff claims that he did enter by implied invitation. To succeed on this point, he must prove the facts from which the invitation may be implied. The only facts he proves are, that there were steps leading to the' door, that there was the door, and the hatchway a short space within the door.
As we have before said, it is generally known that there are doors for the uses of hatchways, and it is as well known that there are other doors for the entrance and exit of persons on business. The mere fact that there are doors leading to hatchways does not give an invitation to enter, *266 unless it is also shown that the appearance of the door and door-way is like that of those generally used for the entrance of persons. In this case there was no proof of what the appearance of the door and door-way was. To assume that it was such as would justify a person believing that he might enter, would be to assume, and not to prove, that the defendants were negligent.
Unhappily, the plaintiff was nearly blind, and for that reason could not, or did not, observe the appearance of the door and door-way. But I apprehend that this blindness did not increase or lessen the duty of the defendants in the matter now in view. The plaintiff had no right to enter the defendants’ house, without the permission or implied invitation of defendants; and defendants had the right to exclude such as they did not, in fact, permit to ehter. Whatever, then, the condition of the plaintiff, he knew he had no right to enter, unless, in fact, there was an appearance of invitation from the defendants; and in making his case on the trial, he did not show any facts that tended to prove an appearance of invitation. The proof was, that the plaintiff did not inadvertently even go up the steps, but entered intentionally, because of a mistaken calculation as to the distance he had gone. This, again, does not affect the measure of the defendants’ obligation to duly protect such persons as were on their premises, in the vicinity of the hatchway, by their consent. So far as the plaintiff’s claim was placed upon his being invited to enter the door-way, the proof failed to show that there was an invitation.
The plaintiff’s claim was also placed, in the argument of the appeal, upon the relation of the hatchway to the street or highway. The foot-step leading to the door-way was eight feet distant from the curb. There were two steps up ; then a flat stone about four feet wide, and then one ocher step to the door-way. The hatchway was close to the door. These facts show that this case is not within the rule that permits a recovery by a person who, proceeding on the highway, with ordinary care, inadvertently steps from it into an excavation made by the defendants so near the *267 highway that the latter might reasonably anticipate such an occurrence. The departure by the plaintiff from the street was intentional, and it was his purpose to enter a house. The defendants were not bound to provide against an intentional use of their premises, which had not been permitted by them, as we have already held.
In view of these considerations, it may be said, as to the plaintiff’s participation in the occurrence, that being a business part of the city, where doors with hatchways having access from the street are frequent, and doors for the entrance of persons are frequent, he had no right to assume that because there was a door, it was of the latter kind.
Judgment affirmed, with costs.
Ingraham, J., concurred.

 See Weinhold v. Acker, ante, p. 182.